IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS V. RYBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17 C 1757 |
| | ) |
| TARRY WILLIAMS, et al, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This Court has just received the Judge's Copy of the most recent filing by a frequent federal litigant -- pro se prisoner plaintiff Thomas Ryburn ("Ryburn") -- for which Ryburn has used three Clerk's-Office-supplied forms: a "Complaint Under the Civil Rights Act, Title 42 Section 1983," an In Forma Pauperis Application ("Application") and a Motion For Appointment of Counsel ("Motion"). Ryburn's Complaint includes a 5-1/2 page, single-spaced, hand-printed narrative recounting in detail his several years of problems with the medical staff at Stateville Correctional Center ("Stateville," where he is in custody), with the narrative supplemented by many pages of exhibits (a stack about 1/4" high). As this memorandum opinion and order explains, 28 U.S.C. § 1915(g)[1] precludes Ryburn from going forward with this action without prepayment of the filing fee in full, not on the installment plan that is made available by other provisions of Section 1915 for indigent prisoner plaintiffs. Here is Section 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

---

[1] Further references to provisions of 28 U.S.C. § 1915 will simply take the form "Section 1915 --," omitting the prefatory "28 U.S.C."

appeal in a court of the United States that was dismissed on the grounds that it is
frivolous, malicious, or fails to state a claim upon which relief may be granted,
unless the prisoner is under imminent danger of serious physical injury.

Because Ryburn's frequent trips (in the figurative sense) to the federal courts have indeed resulted in more than the statutory three "strikes,"[2] and Ryburn's Complaint does not show him to be "under imminent danger of serious physical injury," Congress has thus closed the federal courthouse door (again figuratively) to Ryburn until such time as he pays the filing fee up front.

Despite Ryburn's lengthy tale of woe in terms of his medical treatment,[3] Ryburn's focus in this action is on a claim targeting the Stateville institution itself. Here is his relevant charge set out in the second-last page of his Complaint narrative (copied verbatim):

> on "the 17th of September of 2015," petitioner sent a "Notarized Letter" to the acting I.D.O.C. Director Gladys Taylor as to why my grievance is being unlawfully detained by the A.R.B., they immediately sent me their decision "dated one-day prior too my notarized-letter", this also may be "intentional" do to the Dobbey v. Wielding, et al., No. 13 C 1068 (N.D. Ill.), Class Action Certification granted by the Court on February 11th of 2013, Doc. #41, as stated above, my grievance-appeal was sent to the A.R.B. 5 months "after" Class Action Certification by this Court on the "same-issues on cell house condition(s)", since I.D.O.C. blames "overcrowding" for the "serious-deprivations", causing "illness, injury and death", the Court should address this as well, order imediate reduction and/or closure of Stateville in "the interest of the public taxpayers"! Petitioner "has suffered 2 cases of MRSA, rashes, several-urinary tract infections"!

And consistently with that, here is the remedy that Ryburn seeks in this action, as set forth in Complaint ¶ V and Ryburn's response (again copied verbatim):

---

[2] See Appendix.

[3] For threshold purposes this Court accepts his account, which advances claims of extended medical malpractice. As the text will explain, this Court need not venture into that area, including any consideration of whether that asserted malpractice does or does not qualify as a constitutional violation under the teaching of Estelle v. Gamble, 429 U.S. 97 (1976) and its progeny.

V.  Relief:

State briefly exactly what you want the court to do for you.  Make no legal arguments. Cite no cases or statutes.

Reduction of Illinois Prison Population an Closure of Stateville Correctional Center "Imediately" due to excessive overcrowding, unsafe /unconstitutional living condition(s) causing me harm, risk of future harm, failure to notify or provide medication-warnings, permanete physical damage, pain/emotional suffering, injunctive relief and monetary-damages, any other relief by the Court, under Continuing Violation Doctrine.

In sum, Section 1915(g) has torpedoed Ryburn's lawsuit before it can begin.  If Ryburn pays the filing fee in full on or before March 29, this Court will address his lawsuit substantively. If not, this action will be dismissed at that time.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 9, 2017

**APPENDIX**

This District Court's staff attorneys' office devoted to the processing of prisoner lawsuits for the District Judges to whom those lawsuits are randomly assigned maintains "prisoner profiles" that seek to keep track of the litigation brought by such plaintiffs.  Although it is possible that such profiles may not be all-inclusive as to prisoner litigation, it is certain that the listing is accurate to the extent that cases are listed.

Ryburn's "profile" reports 13 actions that he has brought over a two-decade period, with these five cases among that group that have given rise to "strikes" for Section 1915(g) purposes:

Ryburn v. SSA, Case No. 02 CV 0351 (S.D. Ill.), Order of 3/1/05 (Gilbert, J.)

Ryburn v. Feinerman, Case No. 00 CV 0593 (S.D. Ill.), Order of 9/25/03 (Murphy, J.)

Ryburn v Cannon, Case No. 10 CV 7025 (N.D. Ill.), Order of 11/2/10 (Shadur, J.)

Ryburn v. Hulick, Case No. 10 CV 7024 (N.D. Ill.), Order of 12/6/10 (Shadur, J.) and

Ryburn v. Campbell, Case No. 14 CV 1193 (C.D. Ill.), Order of 6/11/14 (Shadid, J.).