# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **THOMAS V. RYBURN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17 C 1757 |
| | ) |
| **TARRY WILLIAMS**, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pro se plaintiff Thomas Ryburn ("Ryburn") has filed a self-prepared hand-printed document captioned "Relief from Judgement [sic] or Order Rule 60(B)(1)," together with an Affidavit and a Certificate of Mailing (those documents collectively constitute Dkt. No. 10). After those documents, which had been received in the Clerk's Office on April 14, were transmitted to this Court a few days later, it printed out the case docket -- and then, based on its review of the docket, it also printed out Dkt. No. 7, comprising a letter and exhibits that Ryburn had dated March 23 and that were received in the Clerk's Office on March 27.

In part Ryburn claims that he never received a copy of this Court's March 9, 2017 memorandum opinion and order (the "Opinion"), which coupled a summarization of Ryburn's prior litigation history with a statement that he had previously accumulated more than the three "strikes" that brought 28 U.S.C. § 1915(g) ("Section 1915(g)") into play, so that he was not entitled to in forma pauperis ("IFP") status. Ryburn's assertion that he never received a copy of the Opinion is troubling, because the March 9, 2017 minute entry (Dkt. No. 5) expressly states that it was mailed to him, while Dkt. No. 6 (which bears the same March 9 date) expressly

reflects the mailing of the Opinion itself to Ryburn. In that respect this Court regularly encounters docket entries in cases assigned to its calendar in which a notice transmitted to a party has not been received by an addressee (as, for example, where a prisoner is transferred from one institution to another), and in such situations the docket always contains an entry that the document was not delivered and, where such is the case, the document has been transmitted to a new address. In any event, however, that subject need not be pursued, for Ryburn concededly lacks the wherewithal to pay the filing fee up front, as he must do to proceed with his present claim.

In that respect Ryburn contends in part that the three "strike" provision of Section 1915(g) is inapplicable to him on the premise that he comes within that statute's exception of being "under imminent danger of serious physical injury." But on that score what Ryburn's lengthy narrative "Statement of Facts" in Complaint ¶ IV complained about was asserted medical malpractice in prior years (2014 and 2015) -- and it was on that basis that, as this Court quoted in the Opinion, Ryburn stated only this claim for "Relief" in Complaint ¶ V:

> State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.
>
> Reduction of Illinois Prison Population an Closure of Stateville Correctional Center "Imediately" due to excessive overcrowding, unsafe /unconstitutional living condition(s) causing me harm, risk of future harm, failure to notify or provide medication-warnings, permanete physical damage, pain/emotional suffering, injunctive relief and monetary-damages, any other relief by the Court, under Continuing Violation Doctrine.

Not a word in that blunderbuss description about his being in "imminent danger of serious physical injury," as surely would have been voiced in a lawsuit's cry for judicial help if that danger had existed (perhaps even more so when coming from a nonlawyer, instead of coming from a lawyer who acts only as a vicarious representative, rather than facing such danger

personally). It was only when that provision was brought to his attention that Ryburn, ever willing to adapt and change his contentions in an effort to escape the limitations imposed by law, has now stated in his newly filed Dkt. No. 10:

> On March 28 of 2017, petitioner suffers with "brain damage on left back side of my Head."

And he concludes that affidavit statement by adverting once again to medical records dating back to September 2014 and May 2015.

To be blunt, Ryburn's opportunistic effort to reshape the facts to fit what he has now learned to be a legal block to the special IFP status that Congress has shaped for most prisoner plaintiffs -- a sort of revisionist history -- must be and is rejected. Ryburn's effort to create such post hoc revisionist history simply cannot qualify under any of the Rule 60(b)(1) grounds for possible relief -- "mistake, inadvertent, surprise, or excusable neglect." Hence his motion on that score is denied, and the brief March 30, 2017 memorandum order dismissing this action for want of prosecution stands.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: April 21, 2017